IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**Red Star Mortgage Corporation,**

    Plaintiff/Judgment Creditor

v.                                                                                   No. 16-mc-00046-MCA

**Michael Branch; Branch Realty, LLC;
Xacattack, LLC f/k/a Renaissance Properties,
LLC, and Branch Realty Commercial Advisors,**

    Defendants/Judgment Debtors.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Motion of Michael Branch and Branch Realty, LLC to Remove Default Judgment from Registration with New Mexico Courts and for Stay of Execution of Judgment*, filed January 31, 2017. [Doc. 8] The Court has considered the parties' submissions, the relevant law, and is otherwise fully advised in the premises. For the reasons that follow, the *Motion* is not well taken and shall be **DENIED** without prejudice to Defendants' ability to pursue the requested relief in the Eastern District of Pennsylvania.

**BACKGROUND**

This case began when Plaintiff/Judgment Creditor Red Star Mortgage Corporation (Red Star) filed a complaint in a Pennsylvania county court, which was later removed to a court within the Eastern District of Pennsylvania (EDPA), alleging, among other things, non-payment of a commission in connection with refinancing a real estate project (the Market Station at Santa Fe Railyards) in Santa Fe, New Mexico. [Doc. 9-1 p. 7; Doc. 9-6

1

p. 2] Red Star is financial company in Pennsylvania. [Doc. 10-1 p. 2] Allen Branch (Michael Branch's son) allegedly entered into an agreement with Red Star for the Santa Fe real estate project, the breach of which led to Red Star's lawsuit. [Doc. 10-1] In the original complaint, Branch Realty Commercial Advisors, Allen Branch, and Xacattack, LLC (an LLC of which Allen Branch is the sole member), were named as defendants, but Michael Branch and Branch Realty were not. [Doc. 9-1 p. 8; Doc. 9-7 p. 2; Doc. 9-3 p. 27-28] After the case was removed to the EDPA, Red Star filed a second amended complaint naming the same relevant parties as defendants. [Doc. 9-1 p. 9] A third amended complaint added Michael Branch and Branch Realty, LLC, as defendants. [Doc. 9-7 p. 4]

There is conflicting information in the record about the nature of Branch Realty as a business, and Allen and Michael Branch's respective roles in the ownership and control of the business. For instance, the present *Motion* is brought by "Michael Branch and Branch Realty, LLC." [Doc. 8 p. 1] And in a declaration submitted to the EDPA, Michael Branch stated that "Branch Realty, LLC is a New Mexico Limited Liability Company organized in 2001. I am the sole member of Branch Realty, LLC[.]" [Doc. 9-7 p. 4] In an affidavit submitted to the EDPA, however, Michael Branch described "Branch Realty" as a sole proprietorship in Santa Fe, New Mexico which sometimes uses the name "Branch Realty Commercial Advisors" as a description of its services, and which is owned by Michael Branch. [Doc. 9-6 p. 7] And, in an affidavit submitted to the EDPA, Allen Branch represented himself as "a principal member of Defendant Branch Realty LLC d/b/a Branch Realty Commercial Advisors[,]" but his assertion is

2

contradicted by another affidavit by Michael Branch which states that "Allen Branch is an associate broker with Branch Realty but has no ownership interest in Branch Realty, no management authority over Branch Realty, and no authority to bind me or Branch Realty to any contractual obligations[.]" [Doc. 9-2 p. 26; Doc. 9-3 p. 27] Thus, it is far from clear what Michael and Allen Branch's respective roles are in the Branch business, which may be an LLC or a sole proprietorship.

Two months after Red Star filed its second amended complaint naming Branch Realty Commercial Advisors as a defendant, "Michael Branch d/b/a Branch Realty" filed a complaint for declaratory relief against Red Star Mortgage and Allen Branch (among others) in the First Judicial District Court in Santa Fe (the Santa Fe district court). [Doc. 8-1; Doc. 9-6 p. 3, 7] The complaint represented that "[a]n actual case and controversy exists as to whether Michael Branch [is] indirectly named as a party to the Litigation" (a reference to Red Start's lawsuit then underway in the EDPA). [Doc. 8-1 p. 3] It continued:

> [i]f it is determined that there is an attempt to join Michael Branch as a party to the [l]itigation through naming Branch Realty Commercial Advisors, then this Court should determine that there is no jurisdiction in courts of Pennsylvania over Michael Branch relating to the [l]itigation, as Michael Branch has insufficient contacts with . . . Pennsylvania which would submit him to its courts' jurisdiction.
>
> Wherefore, Michael Branch prays that this [c]ourt declare that Michael Branch is not a party to the [l]itigation or, in the alternative, that there is no jurisdiction over him in Pennsylvania courts[.]

3

[Doc. 8-1 p. 4] Approximately nine months later, on December 16, 2016, the Santa Fe district court entered a default judgment against Red Star, which had not entered an appearance in the matter, declaring:

> . . . That Michael Branch personally or through any entity with which he is associated, including Branch Realty, Branch Realty LLC or Branch Realty Commercial Advisors, has had no contacts with the State of Pennsylvania.
>
> . . . That Michael Branch personally or through any entity with which he is associated, including Branch Realty, Branch Realty LLC or Branch Realty Commercial Advisors, has had no involvement with . . . Red Star Mortgage[.]
>
> [and]
>
> . . . That Michael Branch personally or through any entity with which he is associated, including Branch Realty, Branch Realty LLC or Branch Realty Commercial Advisors, is not bound by any actions of Allen Branch and specifically by any actions or representations made by Allen Branch relating to Red[ S]tar Mortgage Corporation[.]

[Doc. 8-5 p. 2] In the meantime, however, the case in the EDPA was proceeding and Michael Branch involved himself in the proceedings.

In April of 2016, the EDPA entered a default for failure to appear, in relevant part, against Branch Realty Commercial Advisors and Xacattack, LLC. [Doc. 9-1 p. 10] Days later, Michael Branch, through a Pennsylvania law firm called Montgomery McCracken Walker & Rhoads, LLP ("the Montgomery firm"), moved to set aside the default of Branch Realty Commercial Advisors. [Doc. 9-2] The motion was titled "*Motion of Michael Branch d/b/a Branch Realty to Set Aside Default of Branch Realty Commercial Advisors and for Leave to File Motion to Dismiss.*" The motion was made pursuant to Federal Rule of Civil

4

Procedure 55(c) (which permits a court to set aside a default judgment for "good cause"), and also sought leave to file a motion to dismiss the second amended complaint for lack of personal jurisdiction and, in the alternative, for failure to state a claim. [Doc. 9-2]

In a memorandum in support of the motion, Michael Branch argued, among other things, that: he had no contact with Red Star or with the Eastern District of Pennsylvania related to the allegations in Red Star's second amended complaint; "'Branch Realty Commercial Advisors' is a name sometimes used by Branch Realty, which is a Santa Fe, New Mexico sole proprietorship owned and operated by Michael Branch"; and because he was not named personally as a defendant in Red Star's lawsuit, he "did not consider himself to be at risk of liability either individually or through his sole proprietorship, and further did not realize that a response to the second amended complaint was required." However, he continued, upon receiving notice of default against Branch Realty Commercial Advisors, he "recognized [that] he should obtain legal advice" and, after doing so, he "promptly moved to set aside the default and for leave to file the [m]otion to [d]ismiss." [Doc. 9-2 p. 8, 10, 12] In his memorandum, Michael Branch also argued that the EDPA lacked personal jurisdiction over him and Branch Realty. [Doc. 9-2 p. 14]

In its response to Michael Branch's motion, Red Star refuted Michael Branch's jurisdiction argument, pointing to evidence and legal authority to support its assertion that Michael Branch's personal jurisdiction challenge was

"fallacious" and "futile" and suggesting that the argument should be "denied and ignored" by the EDPA. [Doc. 9-3 p. 9-12] Red Star also requested that the EDPA "join both Branch Realty, LLC and [Michael Branch] [to the litigation because] they all shared in the use of the Branch Realty Commercial Advisors name that they all permitted Allen Branch . . . to utilize on their behalf." [Doc. 9-3 p. 9] In his reply, Michael Branch both challenged Red Star's personal jurisdiction argument and consented to Red Star's request to join him on the condition that the default judgment was set aside and he was granted leave to file a motion to dismiss. [Doc. 9-4 p. 2-8] As to the latter, Michael Branch argued that the EDPA could "resolve [his motion] efficiently and justly by joining Michael Branch d/b/a Branch Realty, vacating the default of Branch Realty, and granting leave for Michael Branch d/b/a Branch Realty to move, as requested in the [m]otion, within seven days to dismiss [Red Star's] [s]econd [a]mended [c]omplaint as to him, Branch Realty, and 'Branch Realty Commercial Advisors.'" [Doc. 9-4 p. 4]

Upon completion of the foregoing briefing, on May 19, 2016, the EDPA denied *without prejudice* the "*Motion of Michael Branch d/b/a Branch Realty to Set Aside Default of Branch Realty Commercial Advisors and for Leave to File Motion to Dismiss*" and, in the same order, granted Red Star leave to file a third amended complaint joining Michael Branch and Branch Realty, LLC, as defendants. [Doc. 9-5 p. 2] Although the matter of personal jurisdiction over Michael Branch and Branch Realty, LLC, had been briefed by both parties, the EDPA did not rule on that issue. Approximately one week later, Red Star filed a

6

motion for default judgment against Allen Branch, Xacattack LLC, and Branch Realty Commercial Advisors. [Doc. 9-1 p. 12] And, approximately two weeks after that, on June 9, 2016, Red Star filed a third amended complaint naming Michael Branch and Branch Realty, LLC, among others, as defendants. [Doc. 9-1 p. 13]

Days after Red Star filed its third amended complaint, the Montgomery firm moved to withdraw as attorney for Michael Branch d/b/a Branch Realty [Doc. 9-1 p. 14; Doc. 9-6] In its motion the Montgomery firm acknowledged that: each of Red Star's complaints had named "Branch Realty Commercial Advisors" as a defendant and that this name is "sometimes used to describe services provided by Branch Realty, which is a sole proprietorship owned and operated by Michael Branch[.]" [Doc. 9-6 p. 3] It further acknowledged that Michael Branch

> is aware that a motion seeking a default judgment against "Branch Realty Commercial Advisors" is currently pending and aware of the consequences that may flow from entry of a judgment on that motion. He is also aware that on July 9, 2016, Red Star filed a Third Amended Complaint, naming all the existing defendants and adding him individually, and Branch Realty LLC, as defendants.

[Doc. 9-6 p. 4] And it provided Michael Branch's business address and other contact information for the court's use. [Id.] As to Michael Branch, the Court permitted the Montgomery firm to withdraw as counsel; the Court denied the Montgomery firm's motion to withdraw as to "Branch Realty" and "Branch Commercial Advisors" Etc." [Doc. 9-1 p. 15]

7

In August 2016, the EDPA entered an order granting Red Star's motion for entry of default judgment against Xacattack, LLC and Branch Realty Commercial Advisors in the amount of $163,247.80. [Doc. 9-1 p. 15-16] Shortly thereafter, Red Star filed a motion for default judgment against Michael Branch and Branch Realty, LLC. [Doc. 9-1 p. 16] And, on October 6, 2016, the EDPA entered an order granting Red Star's Motion for Default Judgment against Michael Branch and Branch Realty, LLC $163,768.64. [Doc. 9-1 p. 17]

On December 15, 2016, the proceedings in this Court commenced with Red Star's registration of its two foreign judgments out of the EDPA: one against Michael Branch; and Branch Realty LLC [Doc. 1]; and one against Xacattack, LLC and Branch Realty Commercial Advisors. [Doc. 2] The next day, as mentioned earlier, the First Judicial District Court in Santa Fe entered a default judgment against "Red Sky [sic] mortgage corporation," among others, declaring that Michael Branch personally "or through any entity with which he is associated, including Branch Realty, Branch Realty LLC or Branch Realty Commercial Advisors, has had no contacts with the State of Pennsylvania" and he has had no involvement with Red Star Mortgage. [Doc. 8-5] Then, on January 31, 2017, Michael Branch filed the present *Motion of Michael Branch and Branch Realty, LLC to Remove Default Judgment from Registration with New Mexico Courts and for*

*Stay of Execution of Judgment* seeking to remove from registration the EDPA's default judgment against Michael Branch and Branch Realty LLC.[1] [Doc. 8]

As grounds for his *Motion* Michael Branch (hereinafter "Branch") argues that the EDPA did not have personal jurisdiction over him or over Branch Realty, LLC., and that he did not respond to Red Star's third amended complaint in the EDPA because he knew that he had not had sufficient contacts with Red Star or the state of Pennsylvania to establish such jurisdiction. [Doc. 8 p. 1-2] Rather, he contends, he "elected to defend any attempts by Red Star to enforce any Pennsylvania judgment in New Mexico." [Doc. 8 p. 2] In support of his lack-of-jurisdiction argument, Branch relies upon the default judgment that he obtained in the First Judicial District Court in Santa Fe which, based exclusively upon Branch's own testimony, declared that Branch personally or through any entity with which he was associated, had no contacts with the state of Pennsylvania or with Red Star. [Doc. 8 p. 7-8]

**ANALYSIS**

Rule 55(c) of the Federal Rules of Civil Procedure permits the Court to set aside . . . a final default judgment under Rule 60(b)." In turn, Rule 60(b)(4) permits the Court to relieve a party from a final judgment where the judgment is void. "A default judgment in a civil case is void if there is no personal jurisdiction over the defendant." *Hukill v.*

---

[1] On May 15, 2017 Red Star filed an application for writs of execution against Branch Realty Commercial Advisors and Xacattack, LLC, with writs attached as exhibits. [Doc. 13] There are no objections to these writs.

*Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797 (10th Cir. 2008) (alteration omitted).

While the Court's power to vacate its own earlier judgment under Rule 60(b) is unquestioned, "it is unclear whether a court has the power to invoke Rule 60(b) to vacate a judgment when the court in which the judgment is registered (the 'registering court') is different from the court that entered the judgment (the 'rendering' court)." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3rd Cir. 2008). Therefore, "courts of registration presented with Rule 60(b) motions have . . . shown a marked reluctance to entertain them, generally deferring to the rendering courts. These courts have identified several policies which support such deference, the most important of which is the reluctance of any federal court to interfere with the judgment of a court of coordinate level." *Indian Head Nat. Bank of Nashua v. Brunelle*, 689 F.2d 245, 249 (1st Cir. 1982). However, several circuits, including our Tenth Circuit, have suggested that while Rule 60(b) motions should generally be made before the rendering court, Rule 60(b)(4) motions seeking relief from default judgments based on lack of personal jurisdiction *may* be decided by the registering court. *Budget Blinds, Inc.*, 536 F.3d at 253-54; *Morris ex rel. Rector v. Peterson*, 871 F.2d 948 n.2 (10th Cir. 1989) (recognizing "the general rule that a registration court . . . usually defers on Rule 60(b) motions to the court rendering the judgment"; however exceptions may be made "where there is an allegation that the judgment is void for lack of personal jurisdiction"); *Harper Macleod Solicitors v. Keaty & Keaty,* 260 F.3d 389, 394 (5th Cir. 2001) ("Typically, relief under Rule 60(b) is sought in the court that rendered the judgment at issue"; however, "registering courts may rely

on Rule 60(b)(4) to void a default judgment if the rendering court was without jurisdiction over the defendant."); *Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 734 (2d Cir. 1980) ("[P]recedent exists supporting the proposition that Rule 60(b)(4) may be invoked in the registration court to obtain relief from a foreign default judgment attacked as void for lack of personal jurisdiction over the parties against whom it was rendered[.]"); *c.f. Best W. Int'l, Inc. v. Super Sunrise, LLC*, 710 F.Supp.2d 613, 616 (E.D. Ky. 2008) (citing *Board of Trustees v. Elite Erectors, Inc.*, 212 F.3d 1031, 1034 (7th Cir. 2000) for the proposition that "[o]nly one [c]ircuit, the Seventh Circuit Court of Appeals, has held that Rule 60(b)(4) motions *must* be presented to the rendering court" (emphasis added)). Thus, in its discretion, a registering court may resolve a motion to void a default judgment pursuant to Rule 60(b)(4) if the motion is based on the contention that the rendering court lacked personal jurisdiction over the defendant.[2]

Policy reasons exist both favoring and disfavoring a registering court's resolution of a Rule 60(b)(4) motion brought on the ground that the rendering court lacked personal jurisdiction to enter the default judgment. On one hand, "the longstanding principle that a defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding" is a good justification for the registering court to resolve the issue of the rendering court's personal jurisdiction. *Budget Blinds, Inc.*, 536 F.3d at 259 (alteration omitted). This is

---

[2] This proposition is subject to the obvious caveat that the doctrine of issue preclusion and the duty of courts to accord full faith and credit to the judgments of other courts would bar a court from deciding a personal jurisdiction issue that had been litigated and decided in an earlier proceeding. *See Drexler v. Kozloff,* 210 F.3d 389, *3-4 (10th Cir. 2000).

particularly so "when the rendering court enters a default judgment based on nothing but one party's failure to appear[,]" because under those circumstances, the rendering court will not have addressed the jurisdiction issue, *id.* (italics omitted), and "the rendering court necessarily is relatively unfamiliar with the merits of the case[.]" *Best W. Int'l, Inc.*, 710 F. Supp. 2d at 617–18.

On the other hand, the foremost reason disfavoring such action by the registering court is "the reluctance of any federal court to interfere with the judgment of a court of coordinate level." *Brunelle*, 689 F.2d at 249. Other reasons include the furtherance of comity among the federal district courts by referring questions of relief from the judgment to the rendering court; the efficiency that stems from a registering court's deference to the original court, which is likely to be more familiar with the issues raised by the motion for relief from judgment; and the furtherance of the registration statute's purpose, which is to simplify the collection of judgments. *Id.* In sum, "[t]hough judicial efficiency and comity among district courts often counsel a registering court to defer ruling on Rule 60(b) motions in favor of the rendering court, deference is less appropriate when the challenged judgment was issued without the benefit of argument from one party and the basis for the 60(b) challenge is jurisdictional." *Harper Macleod Solicitors*, 260 F.3d at 395 (5th Cir. 2001) (citation omitted).

Under the particular circumstances of this case, judicial efficiency and comity warrant this Court's deference to the EDPA on the matter of that court's personal jurisdiction over Branch and Branch Realty, LLC. This is not a circumstance in which the rendering court (the EDPA), lacking familiarity with the facts and circumstances of

the case, the parties, and their respective positions on the matter of the EDPA's personal jurisdiction over Michael Branch and Branch Realty, LLC, entered a default judgment based merely on Branch's failure to appear. Nor is this a circumstance in which Branch and Branch Realty, LLC "ignore[d] the judicial proceedings" in the EDPA and thereby suffered default judgment that he now seeks to challenge. To the contrary, Michael Branch, represented by the Montgomery firm, inserted himself into the proceedings in the EDPA by filing a motion seeking to set aside the court's default judgment against Branch Realty Commercial Advisors and also seeking leave to file a motion to dismiss Red Star's second amended complaint for lack of personal jurisdiction and failure to state a claim. [Doc. 9-2] In a concomitant memorandum to that court, Michael Branch argued that the EDPA lacked personal jurisdiction over him and Branch Realty. [Doc. 9-2 p. 14] Continuing his involvement in the proceedings, in a reply to Red Star's response, Branch continued to challenge the EDPA's personal jurisdiction over him, and also consented to Red Star's request to join him as a defendant in its lawsuit. [Doc. 9-4 p. 2-8] To that end, Branch represented to the EDPA it could "resolve [his motion] efficiently and justly by joining [him] d/b/a Branch Realty, vacating the default of Branch Realty, and granting leave for [him] d/b/a Branch Realty to move . . . within seven days to dismiss [Red Star's] [s]econd [a]mended [c]omplaint as to him, Branch Realty, and 'Branch Realty Commercial Advisors.'" [Doc. 9-4 p. 4] That Branch was simultaneously pursuing a complaint for declaratory relief against Red Star Mortgage and Allen Branch (among others) in the Santa Fe district court, and that he had the Montgomery firm withdraw from representing him and thereafter ignored the EDPA proceedings when the EDPA did

13

not resolve his motion in the exact manner that he specified, strikes this Court as a type of maneuver that is not aligned with the policies justifying a registering court's consideration of motions brought pursuant to Rule 60(b)(4). [Doc. 8-1; Doc. 9-6 p. 3, 7]

In light of the EDPA's familiarity with the facts of this case, the parties' respective arguments concerning the EDPA's personal jurisdiction over Branch and Branch Realty, LLC, and the necessity of discussion and consideration of Pennsylvania's long-arm statute and the Pennsylvania cases that interpret it to resolve the matter, the Court declines to rule upon the issue of the EDPA's personal jurisdiction over Branch and Branch Realty, LLC related to Red Star's litigation. *See Best W. Int'l, Inc*, 710 F. Supp. 2d at 618 (noting the necessary "discussion and consideration of the Arizona long-arm statute and the Arizona cases which interpret it" as one reason for referring a Rule 60(b)(4) motion to the rendering court). To the extent that Branch intends to pursue this *Motion*, he may do so in the EDPA, which for all of the foregoing reasons is a more suitable forum therefor. *See Covington Indus., Inc.,* 629 F.2d at 738 (Lumbard, J., concurring) (recognizing the registering court's discretion to hold that the rendering court is a more suitable forum for the Rule 60(b)(4) motion).

**CONCLUSION**

For the reasons stated herein, **IT IS ORDERED** that:

1. The Clerk is of this Court is directed to **TRANSFER** this case to the U.S. District Court for the Eastern District of Pennsylvania, and to transmit a certified copy of the entire record to that court.

2. The *Motion of Michael Branch and Branch Realty, LLC to Remove Default Judgment from Registration with New Mexico Courts and for Stay of Execution of Judgment*, filed January 31, 2017, [Doc. 8] is hereby **DENIED WITHOUT PREJUDICE** to the extent that it seeks relief from the declaratory judgment. Michael Branch and Branch Realty, LLC may pursue this *Motion* in the U.S. District Court for the Eastern District of Pennsylvania.

3. The *Motion of Michael Branch and Branch Realty, LLC to Remove Default Judgment from Registration with New Mexico Courts and for Stay of Execution of Judgment*, filed January 31, 2017, [Doc. 8] is hereby **DENIED AS MOOT** to the extent that it seeks to stay execution of the Default Judgment against Michael Branch and Branch Realty, LLC.

4. Although there are no objections to the writs of execution against Branch Realty Commercial Advisors and Xacattack, LLC [Doc. 13], issuance of these writs of execution shall be stayed pending adjudication of the merits of the jurisdiction issue discussed herein by the Court in the Eastern District of Pennsylvania.

**SO ORDERED** this 19th day of September, 2017 in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
**Chief United States District Judge**